1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

BAY HOME PRESERVATION SERVICE,

Plaintiff,

v.

THAO NGUYEN, et al.,

Defendants.

Case No.:15-CV-00506-LHK

**ORDER GRANTING MOTION TO REMAND AND DENYING AS MOOT ALL OTHER MOTIONS**

Re: Dkt. Nos. 2, 4, 5, 13

Before the Court is a motion to remand filed by Bay Home Preservation Service ("Plaintiff"). ECF No. 4 ("Mot."). Defendants Thao and Quoc Nguyen (collectively, "Defendants") have not filed an opposition. The Court finds this motion suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and hereby VACATES the motion hearing set for July 2, 2015, at 1:30 p.m. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court GRANTS Plaintiff's Motion to Remand.

I.      **BACKGROUND**

Defendants current reside at property located at 1790 Bethany Ave., San Jose, CA 95132 (the "Property") in Santa Clara County. ECF No. 4-2 ¶ 2. Plaintiff purchased the property at a

1

1   Trustee Sale on or about January 8, 2015. *See* Mot., Exh. 1. Plaintiff recorded the Trustee's Deed

2   on January 20, 2015. ECF No. 4-2 ¶ 4. On or about January 20, 2015, Plaintiff served a three-day

3   Notice to Quit on Defendants, informing them that the Property had been sold at foreclosure and

4   that they were to vacate the Property. *Id.* ¶ 5.

5       After Defendants had failed to vacate the Property within three days, Plaintiff filed an

6   unlawful detainer action on January 27, 2015 in Santa Clara County Superior Court. ECF No. 1-1.

7   Plaintiff brought the action pursuant to California Code of Civil Procedure § 1161a. *Id.* On

8   February 3, 2015, Defendants filed a Notice of Removal of Plaintiff's unlawful detainer action to

9   federal court. ECF No. 1. Defendants also applied to proceed in forma pauperis. ECF No. 2.

10  Plaintiff filed the instant motion to remand on February 4, 2015. ECF No. 4. Defendants'

11  opposition was due February 18, 2015, but Defendants failed to file one. A hearing has been set

12  for July 2, 2015. On February 4, 2015 and March 10, 2015, Plaintiff filed applications to shorten

13  time. ECF Nos. 5, 13. Defendants have filed no opposition to either application.

## II.      LEGAL STANDARD

14

15      A suit may be removed from state court to federal court only if the federal court would

16  have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v.*

17  *Williams*, 482 U.S. 386, 392 (1987). If it appears at any time before final judgment that the federal

18  court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28

19  U.S.C. § 1447(c).

20      The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial*

21  *Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal

22  statute is strictly construed, and any doubt about the right of removal requires resolution in favor

23  of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing

24  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

## III.     DISCUSSION

25

26      Plaintiff contends that the Court does not have subject matter jurisdiction over this action.

27

28

United States District Court
Northern District of California

2

1   For the reasons stated below, the Court GRANTS the motion to remand.

2   The federal removal statute provides, "If at any time before final judgment it appears that

3   the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C.

4   § 1447(c). "Subject matter jurisdiction may not be waived," and the Ninth Circuit has "held that

5   the district court must remand if it lacks jurisdiction." *Kelton Arms Condo. Owners Ass'n, Inc. v.*

6   *Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003). "When the court's subject matter

7   jurisdiction is at issue, the court may remand sua sponte or on motion of a party, and the party who

8   invoked the federal court's jurisdiction has the burden of establishing it." *Rosset v. Hunter Eng'g*

9   *Co.*, No. C 14-01701 LB, 2014 WL 3569332, at *5 (N.D. Cal. July 17, 2014).

10   Plaintiff argues that the Court has neither diversity jurisdiction nor federal question

11   jurisdiction over the instant case. Mot. at 3–4. The Court agrees. Here, the Court may not exercise

12   diversity jurisdiction because both Plaintiff and Defendants appear to be California citizens for

13   purposes of 28 U.S.C. § 1332(a). *See* ECF No. 1 (listing a California address for Defendants);

14   ECF No. 4-1 (listing a California address for Plaintiff); ECF No. 4-2; *see also* Mot. at 3.

15   Defendants do not allege otherwise in their Notice of Removal.

16   Moreover, the Court does not have federal question jurisdiction over this matter. Under 28

17   U.S.C. § 1331, federal courts have original jurisdiction over civil actions "arising under the

18   Constitution, laws, or treaties of the United States." Federal question jurisdiction "is determined

19   (and must exist) as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air*

20   *Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). Removal pursuant to § 1331 is

21   governed by the "well-pleaded complaint rule," which provides that federal question jurisdiction

22   exists only when "a federal question is presented on the face of plaintiff's properly pleaded

23   complaint." *Caterpillar*, 482 U.S. at 392.

24   Defendants fail to make such a showing here. Plaintiff's unlawful detainer complaint does

25   not assert any federal claims. *See* ECF No. 1-1. That Defendants raise apparent federal defenses in

26   their Notice of Removal does not confer jurisdiction, as the Court must look only to "the face of

27

28

United States District Court
Northern District of California

3

1    plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. As such, federal question

2    jurisdiction does not lie over this action. *See, e.g.*, *U.S. Bank Nat'l Ass'n v. Terrenal*, No. 12-CV-

3    5540 YGR, 2013 WL 124355, at *2 (N.D. Cal. Jan. 8, 2013) (finding "no basis for asserting

4    federal claim jurisdiction" where "[t]he complaint asserts only one state law claim for unlawful

5    detainer"); *Damian v. N. Neon Operations, LLC*, No. C 11-06416 DMR, 2012 WL 1438705, at *5

6    (N.D. Cal. Apr. 25, 2012); *Wells Fargo Bank, NA v. Hunt*, No. C-10-04965 JCS, 2011 WL

7    445801, at *3 (N.D. Cal. Feb. 3, 2011) (holding that "unlawful detainer claim" did "not raise a

8    federal question").

9         Defendants' reliance on the Protecting Tenants at Foreclosure Act ("PTFA") is also

10   unavailing for the same reasons. As numerous other district courts in this Circuit have concluded,

11   the PTFA may provide a federal defense, but does not provide a basis for federal jurisdiction. *See,*

12   *e.g.*, *Saratoga Fund Holdings, LLC v. Walker*, No. 14-4629, 2015 WL 6969260, at *2 (N.D. Cal.

13   Dec. 8, 2014) (collecting cases); *see also Wells Fargo Bank v. Lapeen*, No. 11-1932, 2011 WL

14   2194117 (N.D. Cal. June 6, 2011). "A federal law defense to a state-law claim does not confer

15   jurisdiction on a federal court, even if the defense is that of federal preemption . . . ." *Valles v. Ivy*

16   *Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005). Consequently, Defendants have failed to carry

17   their burden of establishing federal jurisdiction in the instant matter. See *Placer Dome*, 582 F.3d at

18   1087.

19   **IV.    CONCLUSION**

20        For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand the case to

21   Santa Clara County Superior Court. Accordingly, the Court DENIES as moot all other pending

22   motions.

23   **IT IS SO ORDERED.**

24   Dated: March 17, 2015

25                                                        *Lucy H. Koh*
                                                          _____
26                                                        LUCY H. KOH
                                                          United States District Judge
27

28                                                        4

*United States District Court*
*Northern District of California*